IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| CALABRIA RISTORANTE, INC., individually and on behalf of those similarly situated, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 2:21-cv-03712-JXM-AME |
| v. | : : | |
| PERFORMANCE FOOD GROUP a.k.a. PERFORMANCE FOOD SERVICE; ROMA FOOD ENTERPRISES, INC. and JOHN DOES (1-10) and XYZ CORPORATIONS (1-10) (Multiple Alternative, Fictitious Entities), | : : : : : : : | |
| Defendants. | : : : | |
| PERFORMANCE FOOD GROUP, INC. | : : | |
| Third-Party Plaintiff, | : : : | |
| v. | : : : | |
| RUGGIERO SEAFOOD, INC. and NGC, INC. d/b/a THE TOWN DOCK, | : : : | |
| Third-Party Defendants. | : : | |

**AMENDED CROSS-CLAIMS AND JURY DEMAND**

Third Party Defendant, NGC, Inc., d/b/a The Town Dock ("NGC"), by and through counsel, files these Amended Cross Claims against Third Party Defendant, Ruggiero Seafood, Inc. ("Ruggiero"), and in support thereof states the following:

## UNDERLYING ACTION AND AGREEMENTS

1. On January 4, 2021, Plaintiff Calabria Ristorante, Inc. ("Calabria") filed a class action complaint in the Superior Court of New Jersey, Essex County, alleging that Performance Food Group ("PFG"), Ruggiero and NGC were liable for misrepresentations about the net weight of frozen calamari sold by PFG to Calabria.

2. On March 1, 2021, PFG removed the case to this Court under the Class Action Fairness Act.

3. PFG and NGC filed motions to dismiss the complaint on April 8, 2021.

4. Ruggiero filed a motion to dismiss the complaint on April 22, 2021.

5. On December 14, 2023, the Court entered an Order dismissing NGC and PFG from the action. The Court also dismissed PFG from all causes of action except for Calabria's cause of action for violation of the New Jersey Consumer Fraud Act.

6. During the pendency of the motions to dismiss, Calabria permanently closed and dissolved without assets.

7. Following the resolution of the motions to dismiss, Plaintiff's counsel sought an Order in NJ Chancery Court to reinstate Calabria for purposes of prosecuting the present litigation.

8. On December 20, 2024, and again on February 8, 2024, the Court granted the unopposed request of PFG for an extension of time within which to answer the complaint pending a determination on Calabria's effort to be reinstated in NJ Chancery Court.

9. On February 23, 2024, the Court Administratively terminated this action pending a determination on Calabria's effort to be reinstated in NJ Chancery Court.

10. On March 11, 2024, the Court issued an order marking the case OPEN, based on the NJ Chancery Court reinstating Calabria for purposes of pursuing this litigation.

11. On March 25, 2024, PFG filed its Answer to the Complaint.

12. On September 18, 2024, upon leave of the Court, and with consent of the parties, PFG amended its Answer to include Third Party Causes of Action for contractual indemnification/contribution and for common law indemnification/contribution against Ruggiero and NGC.

13. On December 12, 2024, NGC Answered the PFG's Third Party Complaint against it, adding Cross-Claims against Ruggiero for common law indemnification/contribution and for contractual indemnification.

14. On December 13, 2024, Ruggiero filed a motion to dismiss PFG's Third Party Complaint against it and NGC's Cross-Claims against it.

15. On September 30, 2024, the Court dismissed PFG's claims against Ruggiero for contribution and common law indemnification. PFG's claim against Ruggiero for contractual indemnification survived.

16. The same September 30, 2024, Order dismissed NGC's Cross-Claims for indemnification and contribution.

17. The same September 30, 2024, Order granted NGC and PFG 30 days (i.e. until November 30, 2025) to file amended claims consistent with the direction provided by the Opinion that accompanied the Order.

18. On October 28, 2025 Ruggiero consented to NGC adding a Cross Claim for declaratory relief, while retaining its right to move for dismissal of same.

## FACTUAL PREDICATE

19. In its Third Party Actions against Ruggiero and NGC, PFG alleges that all packaging and labeling of the frozen calamari was done by NGC and/or Ruggiero, such that, if

any of the frozen calamari was short filled, the short filling must have been the result of the actions or inactions of NGC and/or Ruggiero.

20. PFG bases contractual liability in its Third Party Actions against NGC and Ruggiero on its Foodservice Products Supplier Processing and Packaging Agreements, one entered into with NGC and another entered into with Ruggiero (collectively the "Packaging Agreements"), and a subsequent Confidential Acceptance of Tender ("CAT Agreement").

21. On February 12, 2021, PFG, asserting terms in the Packing Agreements, tendered to NGC and Ruggiero, demands for defense and indemnification with respect to Calabria's claims against it in the present litigation.

22. The CAT Agreement was executed, effective November 1, 2023 (i.e. while the original motions to dismiss Plaintiff's complaint were pending), by PFG, NGC and Ruggiero.

23. The CAT Agreement supplanted the Packaging Agreements with respect to the indemnification obligations here at issue.

24. The CAT Agreement provided, in part, that "Ruggerio and NGC agree to pay the reasonable legal fees and costs that PFG has incurred in the Calabria Action as of the Effective date … ."  (Section 3, page 2.)

25. With respect to those fees and costs. The CAT Agreement provided that "Ruggiero and NGC shall each pay 50% … ." (Section 3, page 3.)

26. NGC paid the amount it was required to pay under the above provision.

27. On information and belief, Ruggiero paid the amount it was required to pay under the above provision.

28. The CAT Agreement also provided that NGC would, subject to limitations, pay the *future* costs of PFG in defending the Calabria Action (the "Advanced Costs").

29. Ruggiero agreed that, at the end of the litigation, it would reimburse NGC for a Portion of the Advanced Costs proportionate to the degree of liability incurred by PFG as a result of Ruggiero's actions or inactions:

> If, at the end of the litigation, it is determined that liability for damages resulted from the actions or inactions of Ruggerio, NGC will be entitled to a reimbursement of NGC's expenditures (attorney fees, costs and other expenses) in defense of PFG in proportion to Ruggerio's share of the liability for damages.

(Section 4, page 3.)

30. This section of the CAT Agreement also provided several illustrations of how the proportion of NGC's expenditures for which Ruggiero is responsible would be arrived at, whether the case ended with verdict, settlement or some combination of the two. For example, in the event of a settlement, "if Ruggerio paid 45% of the settlement amount, it would reimburse to NGC 45% of the amount NGC expended in its defense of PFG." (Section 4, page 3.)

31. A subsequent agreement between NGC and PFG limited the fees and costs that NGC would initially (or ever) pay for PFG's defense, and clarified that such payments were limited to PFG's defense and not PFG's prosecution of the Third Party Claims. It had no effect on Ruggiero's obligations under the CAT Agreement to reimburse NGC other than to reduce the Advanced Costs and thus the amount of reimbursement that might be owed by Ruggiero.

## COUNT I
## Contractual Indemnification
## (Against Ruggiero Seafood, Inc.)

32. NGC hereby incorporates the allegations of Paragraphs 1 through 31 as though set forth in full.

33. None of the frozen calamari product NGC sold to PFG that PFG resold to Calabria, or any member of the purported class, was short filled such that it could be the source of any liability on the part of PFG in this action.

34. None of the frozen calamari NGC sold to PFG was resold by PFG to Calabria.

35. PFG contends that it did not participate in the packaging and labeling of the frozen calamari product that it sold to Calabria and the purported class.

36. PFG contends that, to the extent it sold frozen calamari product to Calabria, that product was packaged and labeled by Ruggiero.

37. Ruggiero sold frozen calamari product to PFG that PFG resold to Calabria and the purported class.

38. In the event that frozen calamari product sold to Calabria by PFG was short filled in such a way as to cause PFG to have liability in this action, that short filling resulted from the actions or inactions of Ruggiero.

39. In the event that frozen calamari product sold to Calabria by PFG was short filled in such a way as to cause PFG to have liability in this action NGC is entitled to contractual indemnification from Ruggiero for the Advanced Costs in proportion to the proportion of PFG's total liability that results from Ruggiero's actions or inactions.

40. For the above stated reasons, should it be determined that PFG suffered liability for damages in this case that were caused by the actions or inactions of Ruggiero, NGC will be entitled to indemnification for a proportional amount of the Advanced Costs it paid, or is obligated to pay, to PFG.

**WHEREFORE**, to the extent that PFG suffered liability for damages in this case that were caused by the actions or inactions of Ruggiero, demand is made by NGC for Contractual Indemnification for the Advanced Costs in proportion to the proportion of PFG's total liability that results from Ruggiero's actions or inactions ("Ruggerio's Proportional Liability for Advanced Costs"), and for such other and further relief as this Court may deem just and proper.

## COUNT II
### Declaratory Judgment
### (Against Ruggiero Seafood, Inc.)

41. NGC hereby incorporates the allegations of Paragraphs 1 through 40 as though set forth in full.

42. Even if Ruggiero were somehow dismissed from PFG's Third Party Action against it, PFG could be found liable as a result of the actions or inactions of Ruggiero.

43. Hence, NGC is owed the above indemnification for a portion of the Advanced Costs regardless of whether Ruggiero remains in the present litigation as a Third Party Defendant.

44. NGC is owed the amounts claimed above regardless of whether those amounts are deemed owed as contractual indemnification, or as a sum otherwise owed pursuant to the operation of the CAT Agreement.

45. Significant legal costs and judicial resources would be expended to litigate NGC's right to reimbursement of Advanced Costs if NGC's rights under the CAT Agreement and Ruggiero's Proportional Liability for Advanced Costs were not determined in this litigation.

46. To prevent unnecessarily incurring legal expenses and consuming judicial resources with follow on litigation, NGC should, in this litigation, receive a declaratory judgment in its favor: (1) holding that NGC is entitled to a reimbursement from Ruggiero for a proportion of the Advanced Costs that matches the proportion of PFG's liability that resulted from Ruggiero's actions or inactions; (2) setting forth the proportion of PFG's liability that resulted from Ruggiero's actions or inactions; and (3) applying the Advanced Costs to the proportion of PFG's liability that resulted from Ruggiero's actions or inactions, to calculate the amount to be paid by Ruggiero to NGC as Ruggiero's Proportional Liability for Advanced Costs.

**WHEREFORE**, NGC hereby moves the Court to render a declaratory judgment in its favor: (1) holding that NGC is entitled to a reimbursement from Ruggiero for a proportion of the Advanced Costs that matches the proportion of PFG's liability that resulted from Ruggiero's actions or inactions; (2) setting forth the proportion of PFG's liability that resulted from Ruggiero's actions or inactions; and (3) applying the Advanced Costs to the proportion of PFG's liability that resulted from Ruggiero's actions or inactions, to calculate the amount to be paid by Ruggiero to NGC as Ruggiero's Proportional Liability for Advanced Costs.

        **LITCHFIELD CAVO LLP**
        *An Illinois Limited Liability Partnership*

By:   */s/ William K. Pelosi*
      For the Firm
      William K. Pelosi, Esquire
      Attorney I.D. No. 000561994
      457 Haddonfield Road, Suite 200
      Cherry Hill, NJ 08002
      (856) 854-3636
      pelosi@litchfieldcavo.com

      Attorneys for Defendant/Third-Party Defendant, NGC, Inc., d/b/a The Town Dock

DATED: October 28, 2025

## JURY DEMAND

Third Party Defendant, NGC, demands trial by jury as to all triable issues.

        **LITCHFIELD CAVO LLP**
        *An Illinois Limited Liability Partnership*

By:   */s/ William K. Pelosi*
       For the Firm
       William K. Pelosi, Esquire
       Attorney I.D. No. 000561994
       457 Haddonfield Road, Suite 200
       Cherry Hill, NJ  08002
       (856) 854-3636
       pelosi@litchfieldcavo.com

       Attorneys for Defendant/Third-Party Defendant, NGC, Inc., d/b/a The Town Dock

DATED: October 28, 2025